# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-23-00456-CR
NO. 03-23-00457-CR

---

**Israel Ballester, II, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
NOS. CR27,619 & CR27,620, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING**

---

## O P I N I O N   A N D   O R D E R   O N   M O T I O N   T O   S E T   B A I L

**PER CURIAM**

Appellant Israel Ballester was convicted of two counts of aggravated assault with a deadly weapon in cause numbers CR27,619 and CR27,620 in the 20th Judicial District Court of Milam County and sentenced to fifteen years' imprisonment. *See* Tex. Penal Code §§ 12.33, 22.02. This Court reversed Ballester's convictions and remanded these causes for a new trial.[1] Ballester then filed a motion for an appeal bond. *See* Tex. Code Crim. Proc. art. 44.04(h).[2]

---

[1] *See Ballester v. State*, Nos. 03-23-00456-CR & 03-23-00457-CR, 2025 WL 2471787, at *11 (Tex. App.—Austin Aug. 28, 2025, no pet. h.) (mem. op., not designated for publication).

[2] A defendant is entitled to release "on reasonable bail, regardless of the length of the term of imprisonment, pending final determination of an appeal" when his conviction is reversed by a decision of the court of appeals. *See* Texas Code Crim. Proc. art. 44.04(h). Because Ballester filed his motion to set bail before the State filed a petition for discretionary review, we must determine the amount of bail. *See id.* ("If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail.").

We abate these causes and remand them to the trial court for a hearing on Ballester's motion.[3] The trial court shall make fact findings on

(1) Ballester's ability to make bail;

(2) Ballester's criminal history record information, including information obtained through the statewide telecommunications system maintained by the Department of Public Safety, including any acts of family violence, other pending criminal charges, and any instances in which he failed to appear in court following release on bail;

(3) the amount of reasonable bail; and

(4) a recommendation on the amount of bail.

*See id.* art. 17.15(a).[4]

A supplemental reporter's record of the bail hearing and a supplemental clerk's record with the trial court's findings and recommendation on the bail amount shall be filed with the Clerk of this Court by **November 3, 2025**. After the supplemental records are filed, this Court shall determine the amount of bail and will order that the trial court order Ballester

---

[3] Abatement is necessary because mandate has not yet issued in these cases. *See* Tex. R. App. P. 18.1(a).

[4] To comply with the Damon Allen Act, article 44.04(h) of the Code of Criminal Procedure, and recent legal authority, three justices and three staff members of this Court completed criminal justice practitioner training and received certifications required for review of the public safety report (PSR) that must be considered before setting bail. *See Ex parte Gayosso*, 685 S.W.3d 100, 101 (Tex. Crim. App. 2023); *see also* Tex. Code Crim. Proc. arts. 17.022 (public safety report), 17.15(a)(6) (requiring consideration of defendant's criminal history record information from PSR system when setting bail amount), 44.04(h) (requiring court of appeals to determine bail amount). This Court went "through the proper channels" and provided the information for access and review of the PSR, but it was unavailable because Ballester's arrest date preceded the PSR system. *See Ex parte Gayosso*, 685 S.W.3d at 102-03 (concluding that review of PSR's confidential information was required for subsequent bail decision made after Act's effective date); *see also* Act of Aug. 31, 2021, 87th Leg., 2d C.S., ch. 12, § 2, sec. 25, 2021 Tex. Gen. Laws 3937, 3953 (providing earlier effective date of December 2, 2021, regardless of defendant's arrest date, for Act's section 10 amendments to article 17.15(a) on rules for setting bail amount). Because appellate courts have not historically been fact-finding forums, this motion is remanded to the trial court, which is traditionally entrusted with making factual determinations and allowing a reporter's record of proceedings for a reviewing court's benefit.

released from confinement assessed in these causes upon the posting of bail. *See id.* art. 44.04(h). Any sureties on bail must be approved by the trial court.

It is ordered on October 2, 2025.

Before Chief Justice Byrne, Justices Triana and Kelly

Abated and Remanded

Publish